949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rita McCall POWELL, Defendant-Appellant.
 No. 91-30042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 4, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rita Powell was convicted of second degree theft. She appeals from the district court's upward adjustments to her sentence for abuse of a position of trust and more than minimal planning.
 
 
 3
 A court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Hoyungowa, 930 F.2d 744, 746 (9th Cir.1991). Factual determinations are reviewed for clear error. United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1990).
 
 
 4
 Powell argues that she did not abuse her position of trust in a manner that significantly facilitated the commission or concealment of the offense. See U.S.S.G. § 3B1.3. This argument is without merit. Large amounts of cash and possession of the checkbook were entrusted to her. She knew she would be audited only quarterly.
 
 
 5
 Powell also argues that abuse of a position of trust should not be the basis for an enhancement to her sentence because it is implicit in the offense of embezzlement for which she was convicted. A departure from a guideline-specified sentence is permissible only when based on a factor not adequately considered by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). The base offense level for embezzlement is specified in section 2B1.1(a) of the Sentencing Guidelines, which applies to a variety of crimes of theft and embezzlement. The base offense level does not include abuse of a position of trust.
 
 
 6
 Powell contends that her sentence should not have been adjusted for more than minimal planning. She claims that her acts were purely opportune and thus do not merit an adjustment. See U.S.S.G. § 1B1.1, comment (n. 1(f)). Powell embezzled funds by taking cash and forging checks in dozens of transactions for more than four months. Her argument is without merit. She also claims that the adjustment for more than minimal planning constitutes "double counting." We disagree.
 
 
 7
 The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3